UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE DYSON, | No. 2:18-cv-2700 WBS CKD P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, CALIFORNIA CORRECTIONAL INSTITUTION, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition as untimely. (ECF No. 14.)

I. Factual and Procedural Background

On December 7, 2012, petitioner was convicted of rape, penetration with a foreign object, forcible oral copulation, two counts of assault with a deadly weapon, making threats, and torture. (ECF No. 1 at 1; ECF No. 15-1 (Lod. Doc. 1) at 1, 3.) He was sentenced to three consecutive, determinate sixteen-year prison terms, plus enhancements, and an indeterminate term of twenty years to life. (Lod. Doc. 1 at 1, 3; ECF No. 22-1 (Lod. Doc. 13) at 1, 3.)

A. Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which modified the judgment to add an additional day of presentence conduct credit and

1

affirmed the judgment as modified on May 25, 2016. (ECF No. 1 at 2; ECF No. 15-2 (Lod. Doc. 2) at 15.) The trial court was directed to correct a separate clerical error and to amend the abstract of judgment to reflect the modified judgment. (Lod. Doc. 2 at 14-15.) Petitioner then petitioned for review of the Court of Appeal's decision in the California Supreme Court. (ECF No. 1 at 2; ECF No. 15-3 (Lod. Doc. 3).) The California Supreme Court denied the petition for review on August 10, 2016. (ECF No. 15-4 (Lod. Doc. 4).) Petitioner did not petition the United States Supreme Court for certiorari. (ECF No. 1 at 3.)

B. State Collateral Review

On October 30, 2017,[1] petitioner filed a pro se petition for writ of habeas corpus in the Yuba County Superior Court. (ECF No. 1 at 3; ECF No. 15-5 (Lod. Doc. 5).) The petition was denied on January 2, 2018. (ECF No. 1 at 3-4; ECF No. 15-6 (Lod. Doc. 6).)

Petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District on January 21, 2018. (ECF No. 1 at 4; ECF No. 15-7 (Lod. Doc. 7).) The petition was denied February 1, 2018. (ECF No. 15-8 (Lod. Doc. 8).) On February 27, 2018, petitioner filed another pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 15-9 (Lod. Doc. 9).) The petition was denied on March 15, 2018. (ECF No. 1 at 4; ECF No. 15-10 (Lod. Doc. 10).)

On April 22, 2018, petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court (ECF No. 1 at 4; ECF No. 15-11 (Lod. Doc. 11)), which was denied on August 8, 2018 (ECF No. 1 at 5; ECF No. 15-12 (Lod. Doc. 12)).

C. Federal Petition

The instant petition was filed on September 30, 2018. (ECF No. 1.)

II. Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it is untimely. (ECF No. 14.) He argues that, without tolling, petitioner had until November 8, 2017, to file a petition in federal

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

2

court. (Id. at 3.) He further asserts that even if petitioner is entitled to tolling for his first two state habeas petitions, the statute of limitations was tolled for only ninety-five days and expired on February 11, 2018. (Id. at 4-5.) Respondent argues that petitioner is not entitled to tolling for the third and fourth petitions because the third petition was filed in the same court as the second petition, so petitioner was not entitled to gap tolling and the statute of limitations expired prior to the filing of the third petition. (Id.) Therefore, since the federal petition was not filed until September 30, 2018, it was untimely and is now barred. (Id.)

In response to the motion, petitioner argues that he is entitled to a later start date for the statute of limitations because the Court of Appeal reversed part of his sentence and remanded the case for re-sentencing. (ECF No. 18 at 2.) He also asserts that he is entitled to equitable tolling because he was unable to get important information from his appellate attorney. (Id.) Finally, petitioner claims that he is entitled to tolling for his third and fourth state habeas petitions, and the gaps between the petitions, because his third petition corrected defects in the second petition and he acted diligently and filed each petition within a reasonable time. (Id. at 2-3.)

In reply, respondent argues that the amendment of the abstract of judgement was not a new judgment that created a later trigger date. (ECF No. 21 at 2-3.) He also argues that even if petitioner were entitled to tolling through his third state habeas petition, he is not entitled to tolling for the fourth petition because it was not properly filed, and the instant petition would still be untimely. (Id. at 3.) Finally, he asserts that equitable tolling is not appropriate because petitioner has made only vague and conclusory arguments that fail to demonstrate the necessary extraordinary circumstances or diligence on petitioner's part. (Id. at 4-6.)

III. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

      A.      Applicable Trigger Date

The one-year statute of limitations commences from one of several alternative triggering

3

dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the parties are in dispute as to what date petitioner's judgment became final.

Respondent argues that petitioner's judgment became final ninety days after the California Supreme Court denied direct review of petitioner's conviction. (ECF No. 14 at 3; ECF No. 21 at 2-3.) Petitioner, on the other hand, argues that "if a state court reverses all or part of a sentence and remands the case for re-sentencing, the one-year timeline for the case does not begin to run until the re-sentencing and any new direct appeal from the re-sentencing has concluded." (ECF No. 18 at 2.) It appears that he is arguing that his judgment became final after the superior court issued the amended abstract of judgment and any subsequent appeal concluded.

Petitioner misunderstands the scope of the appellate court's remand. The appellate court did not remand petitioner's case for re-sentencing, but instead remanded it "for amendment and correction of the abstract of judgment consistent with [the appellate court's] opinion." (Lod. Doc. 2 at 15.) Under California law, "[b]ecause the 'abstract of judgment is not the judgment of conviction' and 'does not control if different from the court's oral judgment,' a court must amend the abstract of judgment any time there is a discrepancy between the two." Gonzalez v. Sherman, 873 F.3d 763, 770 (9th Cir. 2017) (quoting People v. Mitchell, 26 Cal. 4th 181, 185 (2001)). In this case, the Court of Appeal's order modifying the judgment constituted the new judgment, and the remand to the superior court was simply to ensure the abstract of judgment reflected the new judgment. Accordingly, any appeal to be taken was to be taken from the appellate court's order, not the abstract of judgment. Petitioner appealed the appellate court's order to the California Supreme Court, and the record shows that he did not submit a petition for writ of certiorari to the Supreme Court of the United States. (ECF No. 1 at 3.) Accordingly, his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

////

The California Supreme Court denied direct review of petitioner's conviction on August 10, 2016. (Lod. Doc. 4.) The conviction therefore became final on November 8, 2016, and ADEPA's one-year clock began on November 9, 2016. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, petitioner had until November 8, 2017, to file a federal habeas corpus petition. Since the petition was not filed until September 30, 2018, the petition is untimely unless petitioner is entitled to tolling, and petitioner "bears the burden of proving that the statute of limitation was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citing Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002)).

  B. Statutory Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds, Carey v. Saffold, 536 U.S. 214, 225 (2002).

Even if the court were to assume that petitioner was entitled to toll the statute of limitations from the time he filed his first state habeas petition through the denial of his fourth state petition, the instant petition would still be untimely. Petitioner's judgment became final on November 8, 2016, and he did not file his first state habeas petition until October 30, 2017, 356 days later. His final state habeas petition was denied on August 8, 2018, and the petition in this case was filed on September 30, 2018, fifty-three days later and clearly in excess of the time remaining in the statute of limitations. Accordingly, the federal petition is untimely unless petitioner is entitled to equitable tolling.

  C. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control, Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted), and "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418.

Petitioner asserts that he is entitled to equitable tolling because his attorney's address changed and he was unable to get important information related to his case until he contacted the appellate court to have his attorney re-establish contact. (ECF No. 18 at 2.) However, petitioner's vague and conclusory assertions that he was unable to get important information from his attorney are insufficient to meet his burden of showing that the situation was an extraordinary circumstance that prevented him from timely filing a petition or that he was diligent. Petitioner does not identify what information he was unable to obtain or why that information was necessary for him to file a timely federal petition. Nor does he provide facts identifying the time during which he was unable to contact his attorney or explaining why obtaining his attorney's new address was an extraordinary circumstance. There are no facts from which the court can find that counsel's change of address was the cause of petitioner's untimely federal petition or that petitioner acted diligently in pursuing his claims. Accordingly, petitioner is not entitled to equitable tolling.

////

////

IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

V. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. The amended and corrected abstract of judgment was not a new judgment or resentencing that gave you a later start date for the statute of limitations. Even if you are allowed tolling for all of your state habeas petitions, this petition was still filed too late. You do not get equitable tolling because you have not provided facts showing that there were extraordinary circumstances and that you were diligent.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted and petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:dyso2700.mtd.hc.f&r